# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 30, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| SHELLE JOHNSON, | * | No. 18-410V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Decision; Interim Attorneys' Fees and |
| AND HUMAN SERVICES, | * | Costs; Reduction for Administrative Tasks |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Randall G. Knutson*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.
*Lara A. Englund*, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 27, 2019, Shelle Johnson ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting **$18,035.48** for her counsel, Mr. Randall G. Knutson.  Pet'r's Mot. for Int. Att'ys' Fees & Costs at 1, ECF No. 26 [hereinafter Pet'r's Mot. for IAFC].  On October 8, 2019, Respondent filed his response to Petitioner's motion.  Resp't's Resp., ECF No. 27.  In his response, Respondent indicated a desire for "the Court [to] exercise its discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Petitioner did not file a reply.  For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

### I.   Procedural History

On March 19, 2018, Petitioner filed a petition pursuant to the National Vaccine Injury Compensation Program ("Program" or "Vaccine Program").[2] Pet. at 1, ECF No. 1.  Petitioner alleges that she developed transverse myelitis ("TM") as a result of the influenza ("flu") vaccine she received on September 28, 2016.  *Id.*  On April 5, 2018, Petitioner filed seven exhibits in

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 to -34. (hereinafter "Vaccine Act," "the Act," or "the Program").

1

support of her petition and a statement of completion.  Pet'r's Exs. 1–7, ECF No. 8-1–8-7; ECF No. 9.  The same day, I ordered Respondent to file a status report regarding the completeness of Petitioner's medical records by July 5, 2018.  Non-PDF Order, docketed Apr. 5, 2018.

Over the next four months, Respondent filed two motions for extensions of time, which I granted, extending his deadline to November 5, 2018.  ECF Nos. 10–11; Non-PDF Orders, docketed July 5, 2018 and Aug. 30, 2018.  Respondent filed a third motion for extension of time on November 1, 2018, seeking to extend his deadline by an additional sixty days.  ECF No. 13.  On November 2, 2018, I denied Respondent's motion in-part and ordered him to file a status report regarding the completeness of Petitioner's medical records by December 3, 2018.  ECF No. 13.  On November 28, 2018, Respondent filed a status report indicating that the record was complete and informing the Court that he intended to defend this case.  ECF No. 15.  Accordingly, I ordered him to file his Rule 4(c) report by January 28, 2019.  ECF No. 16.

On January 28, 2019, Respondent filed his Rule 4(c) report in which he argued that Petitioner's claim should be dismissed.  Resp't's Report at 7, ECF No. 17.  I therefore ordered Petitioner to file an expert report by April 15, 2019.  ECF No. 18.  Over the next four months, Petitioner filed two motions for extensions of time, which I granted, extending her deadline to August 13, 2019. ECF Nos. 19–22.  On August 13, 2019, Petitioner filed a status report informing the Court that her retained expert had provided an opinion that was "not favorable to Petitioner in this matter."  ECF No. 24.  I ordered Petitioner to file a status report indicating how she wished to proceed by September 12, 2019.  Non-PDF Order, docketed Aug. 13, 2019.

Petitioner filed a status report on September 12, 2019, indicating "that she [was] seeking a second opinion from another [a]ttorney" and requesting an additional thirty days to determine how to proceed.  ECF No. 25.  I ordered Petitioner to file a detailed status report outlining how she wished to proceed by October 15, 2019.  Non-PDF Order, docketed Sept. 13, 2019.

On September 27, 2019, Petitioner filed the pending motion for interim attorneys' fees and costs.  Pet'r's Mot. for IAFC.  Respondent filed his response to Petitioner's motion on October 8, 2019.  Resp't's Resp.  Petitioner did not file a reply.

On October 15, 2019, Petitioner informed the Court that she was still assessing her options regarding how to proceed and requested an additional thirty days to make this determination.  ECF No. 28.  I ordered her to file a detailed status report indicating how she wished to proceed by November 15, 2019.  Non-PDF Order, docketed Oct. 15, 2019.  On November 12, 2019, Petitioner's attorney, Mr. Knutson, filed a motion to withdraw as attorney of record in this case.  ECF No. 29.  Mr. Knutson did not, however, file an affidavit from Petitioner consenting to his withdrawal.  *See id.*  I ordered Petitioner to file said affidavit by December 19, 2019.  Non-PDF Order, docketed Nov. 19, 2019.  Petitioner filed her affidavit on December 13, 2019, indicating her intention to continue to prosecute this case.  ECF No. 30.

There have been no additional filings to date.  This matter is now ripe for consideration

II.     **Availability of Interim Attorneys' Fees and Costs**

2

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis. *See* Resp't's Resp. at 2. Rather, Respondent indicated that he "defer[s] to the [S]pecial [M]aster regarding whether the statutory requirements for an award of attorney[s'] fees and costs are met in this case." *Id.* After reviewing Petitioner's evidence filed to date, I find that Petitioner has met the statutory criteria for an award of attorneys' fees and costs.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim . . . ." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). Petitioner's case has been pending for over two years. She is now engaged in determining whether to retain new representation or proceed *pro se*. Once she makes that determination, she will need to retain an expert and file an expert report in order for her claim to proceed. Taking into account potential responsive expert reports and a possible entitlement hearing, a decision may not be issued in this case for another year or longer.

Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner has submitted numerous exhibits and has obtained at least one expert opinion regarding her claim, although this opinion did not result in the filing of a formal expert report. *See generally* Pet'r's Exs. 1–7; Pet'r's Status Report, ECF No. 24. Mr. Knutson has also filed a motion to withdraw as attorney of record in this case. *See* ECF No. 29. He has requested over $18,000 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, the accumulation of fees and costs, and Mr. Knutson's imminent withdrawal as attorney of record, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). In making a determination, applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step approach. *Id*. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

### A. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Id.* at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and experience in the Vaccine Program, as well as the quality of the work performed. *Id*. at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the court's website at http://www.uscfc.us courts.gov/vaccine-programoffice-special-masters.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the attorneys and paralegals who have worked on this matter to date:

**Attorneys**:

- Randy Knutson:
    - 2017 - $365.00
    - 2018 - $365.00
    - 2019 - $365.00

**Paralegals**:

- 2017 - $130.00
- 2018 - $130.00

4

- o 2019 - $130.00

The Court has previously awarded Mr. Knutson the rates requested by Petitioner. *See, e.g.*, *Watts v. Sec'y of Health and Human Servs.*, No. 17-1494V, 2020 WL 1456627, at *2 (Fed. Cl. Spec. Mstr. Feb. 28, 2020); *Pearson v. Sec'y of Health and Human Servs.*, No. 15-774V, 2020 WL 603564, at *2 (Fed. Cl. Spec. Mstr. Jan. 6, 2020). I find that the requested rates are reasonable. Accordingly, no adjustment to the requested rates is required.

### B. Hours Expended

The second step in *Avera* is for the court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. As outlined below, I have determined that a reduction in the number of hours requested is appropriate.

While clerical and other administrative work is necessary in every case, billing separately for such work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (tasks that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates"). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices. *See Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It also includes organizing exhibits, preparing compact discs, and filing records. *Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3 (Fed. Cl. Spec. Mstr. July 12, 2017); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017). It is the nature of the tasks performed, not a person's professional title, which determines whether the work is legal, paralegal, or clerical in nature. *Doe 11 v. Sec'y of Health & Human Servs.*, No. XX–XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 (1989)).

The paralegal billing entries contain numerous clerical tasks that are not compensable in the Vaccine Program. For example, on November 4, 2014, the paralegal billed .2 hours for "[f]inaliz[ing m]otion for Ext. of [t]ime & Efile . . . ." ECF No. 26-2 at 9. Filing motions and exhibits on CM/ECF is not compensable in the Program. The paralegal billed on numerous occasions for filing orders and exhibits. *See id.* (entry on 4/5/2018 to "Draft Notice of Filing Ex. 1–7 & Statement of Completion & Efile all."); *id.* at 10 (entry on 8/13/2019 to "Draft [s]tatus report and Efile."). The paralegal also routinely billed to download Court filings and calendaring deadlines. *See id.* at 9 (entry on 3/19/2018 to "Review emails from Court x4, [p]etition, [n]otice of [a]ppearance, [e]ntry & [a]ssignment. Download & save all."); *id.* at 10 (entry on 9/12/2019 to, among other things, "Review [o]rder & [a]dd deadline to calendar."). These tasks are not compensable in the Program. Based on these findings, I will reduce the total time billed by the paralegals by 5%. This results in a total reduction of **$124.15**.

### C. Costs

5

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests $5,112.48 in costs, the significant majority of which are related to retaining Michelle M. Boudreau, D.O., as an expert witness. Pet'r's Mot. for IAFC; ECF NO. 26-2 at 17; Pet'r's Ex. 8 at 1, ECF No. 31-1. Petitioner requests $700 an hour for the work performed by Dr. Boudreau. ECF No. 26-2 at 17.

The burden is on Petitioner to justify her requested expert rate. *Simon v. Sec'y of Health and Human Servs.*, No. 05-941V, 2008 WL 623833, at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2008) (stating that "[t]he burden is on the petitioner to demonstrate the reasonableness of the expert's requested hourly rate."). In the Program, it is rare for a special master to award an expert rate exceeding $500 per hour. *See Green v. Sec'y of Health and Human Servs.*, No. 15-1447V, 2017 WL 6336776, at *4 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (noting that, "[e]ven in consideration of [numerous] . . . factors [used to determine a reasonable hourly rate], special masters have declined to award more than $500 an hour to expert witnesses in the Vaccine Program."); *Cruz ex rel. L.J.L. v. Sec'y of Health and Humans Servs.*, No. 14-1119V, 2020 WL 1816094, at *6 (Fed. Cl. Spec. Mstr. Mar. 20, 2020) (noting in a May 4, 2018 order that "[t]o date, special masters have not awarded more than $500[ per] hour to highly qualified specialists in such fields as neurology, neuro-immunology, pediatrics, immunology, pathology, and rheumatology. This maximum rate is generally reserved for experts who are exceptionally well-qualified, have developed experience in the Vaccine Program, and who have provided thorough and detailed analyses."). In the rare cases where special masters have awarded rates exceeding $500 per hour, special masters have generally refrained from determining the reasonableness of the awarded rate, instead noting the overall amount requested for expert costs was reasonable. *See, e.g.*, *Montague v. Sec'y of Health and Human Servs.*, No. 16-0298V, 2018 WL 5284594, at *2–3, n.7–8 (Fed. Cl. Spec. Mstr. Sept. 19, 2018) ( "The overall amount [of requested expert costs] is reasonable and the undersigned makes no findings as to the hourly rates in regards to" Petitioner's experts.); *Nwala ex rel. C.N. v. Sec'y of Health and Human Servs.*, No. 16-923V, 2019 WL 2005751, at *4 (Fed. Cl. Spec. Mstr. Apr. 12, 2019) (awarding Petitioner's requested expert costs but refraining from "addressing [Petitioner's expert's] specific hourly rate . . . .").

Petitioner has not submitted any justification for requesting a rate for Dr. Boudreau that vastly exceeds what is normally awarded in the Vaccine Program. While I am not opposed to increasing the hourly rate for experts, there must be some justification as to why an expert is entitled to an increased rate. In this instance, it is difficult to assess the impact of Dr. Boudreau's work on the case. Dr. Boudreau did not submit a formal expert report nor did her opinions serve to resolve the case one way or another. It is important for experts to maintain independence and provide reports that reflect an honest, if unfavorable, opinion. While Dr. Boudreau did provide an honest opinion that was contrary to Petitioner's claim, there are other factors that cut against awarding her an increased hourly rate. Specifically, her relative lack of experience in the Program, coupled with the fact that she did not submit a formal report nor have a major impact on the case's progression, do not warrant an award of an hourly rate that greatly exceeds what is generally accepted in the Program. Despite my finding, I am aware of the difficulty petitioners in the Program sometimes experience in finding and retaining qualified experts. Therefore, in light of Dr. Boudreau's qualifications, her quick review of the medical records, and her honest assessment

of the merits of Petitioner's claim, I will award her a rate of $400 per hour for her work. This results in an overall award of **$2,280** for the work performed by Dr. Boudreau.

The remainder of Petitioner's requested costs are for obtaining medical records, paying the Court filing fee, and postage costs. *See generally* ECF No. 26-2 at 11–20. I find these costs reasonable and award them in full.

### IV.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I award Mr. Knutson **$12,797.85** in interim attorneys' fees and **$3,403.48** in interim costs. Accordingly, I award the total of **$16,201.33** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Randall G. Knutson, of the Knutson & Casey Law Firm.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[3]

**IT IS SO ORDERED.**

s/ Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.