# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 8, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | |
| SHELLE JOHNSON, | * | |
| | * | |
| Petitioner, | * | No. 18-410V |
| | * | |
| v. | * | Special Master Young |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

*Courtney Chirstine Jorgenson*, Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner
*Nina Ren*, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 7, 2025, Shelle Johnson ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$57,696.26** for the work of her former counsel, Andrew Downing. Pet'r's Motion for Interim Attorneys' Fees & Costs ("Pet'r's Mot.") at 35, ECF No. 67. This amount consists of $46,261.00 in fees and $11,435.26 in costs. *Id.* at 29–30. Petitioner has not incurred any personal costs related to the prosecution of her petition. *Id.* at 1. On January 8, 2025, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 68. In his response, Respondent stated that he "defers to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs to Petitioner's former counsel, Mr. Downing.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

I.     **Procedural History**

On March 19, 2018, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] Pet., ECF No. 1. Petitioner filed medical records on April 5, 2018, and continued to file medical records throughout the course of litigation. *See* ECF Nos. 8, 31, 41–42, 55–56, 59, 62.

Respondent filed his Rule 4(c) Report, recommending that compensation be denied on January 28, 2019. Resp't's Report, ECF No. 17. Mr. Downing entered an appearance as the attorney of record in this case on June 15, 2020. *See* Consented Mot. to Substitute Attorney, ECF No. 32. Petitioner filed an expert report from Peter-Brian Andersson, M.D., PhD as well as his curriculum vitae ("CV") on November 2, 2020. Pet'r's Exs. 10–11, ECF No. 40. Supporting medical literature was submitted by Petitioner on December 3, 2020. Pet'r's Exs. 14–30, ECF Nos. 43–44.

On September 27, 2019, Petitioner filed a motion for interim attorneys' fees and costs for former counsel, Randall Knutson, requesting a total of $18,035.48, for work performed from 2017 to 2019. ECF No. 26. On October 8, 2019, Respondent filed a response. ECF No. 27. On June 30, 2020, I issued a decision awarding Mr. Knutson $16,201.33. ECF No. 33.

Respondent filed expert reports from Dara Jamieson, M.D., and Thomas Forsthuber, M.D., along with their CVs and accompanying medical literature on March 3, 2021. Resp't's Ex. A, Tabs 1–21, ECF No. 46; Resp't's Ex. B, ECF No. 47; Resp't's Ex. C, Tabs 1–15, ECF No. 48; Resp't's Ex. D, ECF No. 49. On July 19, 2021, Petitioner filed a supplemental expert report from Dr. Andersson. Pet'r's Ex. 31, ECF No. 52. Respondent filed responsive supplemental expert reports from Drs. Jamieson and Forsthuber on September 19, 2021. Resp't's Exs. E, Tabs 1–10, F, Tab 1, ECF No. 54.

On May 26, 2023, I issued an order for an entitlement hearing scheduled for February 6–7, 2024. ECF No. 60. Due to a scheduling conflict, the parties later determined that in lieu of rescheduling the hearing, they would agree to a ruling on the record. ECF No. 61. Accordingly, the hearing was canceled. *Id.*

On November 14, 2024, Petitioner filed a motion for a ruling on the record. ECF No. 64. Respondent filed his response on December 27, 2024; Petitioner replied on January 2, 2025. ECF Nos. 65–66. Petitioner filed her motion for interim attorneys' fees and costs on January 7, 2025. Pet'r's Mot. Respondent filed his response the next day. Resp't's Resp. Petitioner did not file a reply. On June 17, 2025, I issued an entitlement decision dismissing Petitioner's claim. ECF No. 72.

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2

## II.   Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

While an entitlement decision issued shortly after Petitioner filed the subject motion for interim attorneys' fees and costs, Mr. Downing is no longer the attorney of record in this case. *See* Consented Mot. to Substitute Attorney, ECF No. 69. While he was on the case, Petitioner's fees and costs had accumulated in the course of litigation. Petitioner submitted an itemization of attorney fees, and a summary and documentation of costs. Petitioner's counsel requested a total of **$57,696.26** in fees and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings, and the fact that Mr. Downing has withdrawn as counsel and is no longer on the case, I find an award of interim attorneys' fees and costs reasonable and appropriate for his work completed in this case.

## III.   Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2025 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Andrew Downing: $385.00 per hour for work performed in 2020 and 2021, $445.00 per hour for work performed in 2022 and 2023, and $485.00 per hour for work performed in 2024; for Ms. Ann Allison, $415.00 per hour for work performed in 2022 and 2023, and $435.00 per hour for work performed in 2024; and for Ms. Courtney Jorgenson (formerly VanCott), $275.00 per hour for work performed in 2020 and 2021, $345.00 per hour for work performed in 2022 and 2023, and $375.00 per hour for work performed in 2024. Petitioner also requests rates between $135.00 and $175.00 per hour for work performed by her counsel's paralegals between 2020 and 2024.

I find that Ms. Allison's 2022-2024 rates and the 2020-2021 and 2023-2024 rates for Mr. Downing and Ms. Jorgenson are reasonable and in accordance with what these attorneys have previously been awarded for their Vaccine Program work. The undersigned will therefore award these rates in full.

It appears, however, that the requested 2022 rates for Mr. Downing and Ms. Jorgenson are inconsistent with what has previously been awarded. *See, e.g.*, *Coons v. Sec'y of Health & Hum. Servs.*, No. 20-1067V, 2022 WL 2294213, at *6-7 (Fed. Cl. Spec. Mstr. May 19, 2022) (awarding Mr. Downing $415.00 per hour for work performed in 2022 and awarding Ms. Jorgenson $325.00 per hour for work performed in 2022); *Vizcarra v. Sec'y of Health & Hum. Servs.*, No. 20-488V, 2023 WL 5935744, at *7-8 (Fed. Cl. Spec. Mstr. Aug. 18, 2023) (reducing rates for Mr. Downing

---

[3] The OSM Fee Schedules are available at: https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

4

and Ms. Jorgenson in 2022). I find no reason to deviate from such reasoned determination, and hereby reduce the rates requested herein to be consistent with the aforementioned decisions. This results in a reduction of $194.00.[4]

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be mostly reasonable. Counsel provided sufficiently detailed descriptions for the tasks performed. However, I find a reduction necessary because there were several entries billed for filing. Further, most of the entries for filing were included with other tasks. Because this constitutes block billing, it is impossible to discern how much time was spent on compensable versus noncompensable tasks. Therefore, I find a 5% reduction reasonable. This results in a reduction of $2,303.35.[5]

Additionally, counsel billed 39.2 hours in 2024 for drafting the motion for a ruling on the record. This amount of time was divided between two attorneys, Mr. Downing and Ms. Jorgenson. Thereafter, they billed 16.4 hours for the reply brief in 2024 and 2025. I find this amount of time excessive, especially where two attorneys worked on the same matter. Accordingly, I will reduce the amount of billed on these briefs by 5%. This results in a reduction of $1,097.50.[6]

### C. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y of Health & Hum. Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Hum. Servs.*, No. 90-208V, 1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by petitioners in the Vaccine Program will only be compensated at a reasonable hourly rate, and petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Smith v. Sec'y of*

---

[4] (($445.00 - $415.00) x 3.2 hours) + (($345.00 - $325.00) x 4.9 hours) = $194.00. Part of 2022 was billed at the correct rate. Therefore, only reductions were made to the time billed over the set rate.
[5] $46,261.00 - $194.00 = $46,067.00 x 5% = $2,303.35.
[6] $21,950.00 x 5% = $1,097.50.

*Health & Hum. Servs.*, No. 18-0043V, 2020 WL 1243238, at *9 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests a total of $11,435.26 in attorneys' costs. This amount is comprised of acquisition of medical records, postage, and expert fees from Dr. Peter-Brian Andersson. These costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.

### IV.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I award Petitioner the following in interim attorneys' fees and costs:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $46,261.00 |
| (Reduction) | -$3,594.85 |
| **Interim Attorneys' Fees Awarded** | **$42,666.15** |
| | |
| Interim Costs Requested | $11,435.26 |
| (Reduction) | -$0 |
| **Interim Costs Awarded** | **$11,435.26** |
| **Total Amount Awarded** | **$54,101.41** |

**Accordingly, I award a lump sum in the amount of $54,101.41, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's former counsel, Andrew Downing's, IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[7]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young
Herbrina D.S. Young
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.